## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| TRUSTEES OF CONSTRUCTION INDUSTRY WELFARE FUND OF CENTRAL ILLINOIS, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | )  Case No. 06-CV-2109 |
| RAWDIN CONCRETE CONSTRUCTION, INC., a corporation, | )<br>)<br>) |
| Defendant. | )<br>) |

## **OPINION**

On July 31, 2006, this court entered an Order (#13) which granted the Motion for Entry of Default and Judgment (#8) filed by Plaintiffs, Trustees of Construction Industry Welfare Fund of Central Illinois. Accordingly, judgment (#14) was entered in favor of Plaintiffs and against Defendant, Rawdin Concrete Construction, Inc., in the total amount of $13,118.77.

On August 8, 2006, Defendant filed a two-page Motion to Vacate Default Judgment (#15). Defendant did not file a Memorandum of Law in support of the Motion as required by Rule 7.1(B)(1) of the Local Rules of the Central District of Illinois. In its Motion, Defendant acknowledges that the Complaint and Summons were served on Defendant's registered agent on June 20, 2006. Defendant stated that the registered agent sent the Complaint and Summons to Defendant the next day by certified mail and that the certified mail was returned on July 18, 2006, unclaimed. Defendant stated that the registered agent spoke to Defendant about the matter on July 20, 2006. Subsequently, "Defendant and his attorney had problems connecting to be able to speak regarding the Complaint" and finally "were able to speak" on August 3, 2006, after the default judgment had already been entered. Defendant asked this court to vacate the default judgment.

On August 22, 2006, Plaintiffs filed their Response in Opposition to Defendant's Motion to Vacate Default Judgment (#16). In their Response, Plaintiffs stated that they sent a letter to

Defendant's attorney on April 17, 2006, prior to filing suit, enclosing a copy of the audit report issued upon review of Defendant's payroll books and records for the period of May 1, 2004 through December 31, 2005, and giving Defendant 14 days in which to dispute the findings contained in the audit report. Plaintiffs attached a copy of the letter to their Response. Plaintiffs further stated that their counsel also left a voice mail message for Defendant's counsel. When Defendant did not respond to the letter or the telephone call, Plaintiffs filed their Complaint on June 2, 2006. Defendant's registered agent was served on June 20, 2006, and, when Defendant failed to file any response to the Complaint, default judgment was entered on July 31, 2006.

Plaintiffs pointed out that Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Plaintiffs noted that Defendant did not identify which of the reasons under Rule 60(b) it believed warrant vacating the default judgment in this case. Plaintiffs further noted "[i]t is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only is exceptional circumstances" and that "[r]elief under Rule 60(b) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust," citing Herman v. Miller, 63 F. Supp. 2d 918, 919-20 (C.D. Ill. 1999). Plaintiffs argued that Defendant failed to establish that it has good cause for vacating the default judgment and failed to establish, or even suggest, that Defendant has a meritorious defense.

In order to vacate a default judgment, the moving party has the burden to show "(1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." Jones v. Phipps, 39 F.3d 158, 162 (7th Cir. 1994). The standard

"establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." Jones, 39 F.3d at 162. The "standard for vacating default judgments requires that 'cause' for failure to respond be separated from '*good* cause,' and 'neglect' of litigation from '*excusable*' neglect.'" Jones, 39 F.3d at 164 (emphasis in original).

This court agrees with Plaintiffs that Defendant's short, completely unsupported Motion to Vacate Default Judgment (#15) does not come close to meeting the applicable standard. Defendant has not shown any basis for finding good cause for its failure to respond to the Complaint, when it is undisputed that Defendant's registered agent was served on June 20, 2006, after Defendant's counsel was advised of Plaintiffs' claim. This court concludes that Defendant's failure to claim certified mail from its registered agent and difficulties "connecting" with its counsel do not establish "good cause." Moreover, Defendant has not even stated that it has a meritorious defense to this action. This court therefore agrees with Plaintiffs that Defendant is not entitled to the relief sought.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Vacate Default Judgment (#15) is DENIED.

(2) In their Response, Plaintiffs requested that this court award them their costs and attorney's fees incurred in responding to Defendant's Motion. Plaintiffs are allowed ten (10) days from the date of this Opinion to file a Motion seeking this relief and setting out the basis for granting such relief.

ENTERED this 23rd day of August, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE